■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL MARQUEZ, Appellant. [679 NYS2d 589] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered May 14, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Defendant's suppression motion was properly denied. We see no reason to disturb the hearing court's credibility determinations, which are supported by the record (*see, People v Prochilo,* 41 NY2d 759, 761). Given these credibility determinations, we find that the officer's actions were lawful. As defendant concedes, the officer had a right to conduct a request for basic information when he encountered defendant on the stairway of a building that the officer had entered to ascertain the identity of the owner of unfettered barnyard animals in front of the building. Thus, the officer was justified in asking defendant if he lived in the building and we find nothing in the circumstances to raise this nonaccusatory question to the level of a common-law inquiry. Defendant's actions in not responding, in shifting his stance, in backing away, and in reaching toward his waistband (*see, People v Benjamin,* 51 NY2d 267, 271) heightened the officer's suspicion that defendant possessed a gun, permitting the officer to tell defendant not to move (*see, People v Montague,* 175 AD2d 54). Thus, when defendant continued the same hand motions, turned and ran, his flight further escalated the officer's suspicion and permitted the officer to restrain defendant. Therefore, the cocaine that defendant discarded during the course of the struggle with the of-

ficer was properly seized. Concur—Milonas, J. P., Williams, Andrias and Saxe, JJ.